UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


MAE WILLIAMS,

                    Plaintiff,

vs.                                    Case No.  2:08-cv-477-FtM-29SPC

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                    Defendant.
_____


**<u>OPINION AND ORDER</u>**

       This matter is before the Court on consideration of
Magistrate Judge Sheri Polster Chappell's Report and Recommendation
(Doc. #25), filed on June 8, 2009, recommending that the
Commissioner's decision to deny social security disability benefits
be affirmed.  Plaintiff filed Objections (Doc. #28) on June 29,
2009.

**I.**

       The Court reviews the Commissioner of Social Security's
(Commissioner) decision to determine if it is supported by
substantial evidence and based upon proper legal standards.
<u>Crawford v. Comm'r of Soc. Sec.</u>, 363 F.3d 1155, 1158 (11th Cir.
2004).  Substantial evidence is more than a scintilla but less than
a preponderance, and is such relevant evidence as a reasonable
person would accept as adequate to support a conclusion.  <u>Moore v.
Barnhart</u>, 405 F.3d 1208, 1211 (11th Cir. 2005); <u>Crawford</u>, 363 F.3d

at 1158. Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59. The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211; Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). The magistrate judge, district judge and appellate judges all apply the same legal standards to the review of the Commissioner's decision. Dyer, 395 F.3d at 1210; Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1282 (11th Cir. 2004); Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

## II.

The Report and Recommendation rejected six specific claims of error alleged to have been committed by the Administrative Law Judge (ALJ). Plaintiff's Objections discuss three issues, while generically objecting to the other three aspects of the Report and Recommendation.

### A. Social Security Ruling 00-4p

Plaintiff asserts that the ALJ failed to fulfill her obligations under Social Security Ruling (SSR) 00-4p. The Report and Recommendation found that the ALJ complied with the requirements of SSR 00-4p, and the Court agrees. Despite this

compliance, however, further analysis is required to resolve this case.

SSR 00-4p provides that before an ALJ can rely upon evidence from a Vocational Expert to support a disability determination or decision, the ALJ must: (1) as part of the ALJ's duty to fully develop the record, inquire on the record as to whether or not there is consistency between occupational evidence provided by the Vocational Expert and information in the Dictionary of Occupational Titles (DOT)[1]; and (2) when there is an apparent unresolved conflict between Vocational Expert evidence and the DOT, (a) elicit a reasonable explanation for the conflict before relying on the Vocational Expert evidence to support a determination or decision about whether the claimant is disabled, and (b) explain in the determination or decision how any conflict that has been identified was resolved.  SSR 00-4p, 2000 WL 1898704, at *2, *4.

It is well-established that the inquiry as to any inconsistency is an affirmative obligation of the ALJ, and needs not be raised by claimant.  <u>Prochaska v. Barnhart</u>, 454 F.3d 731, 735 (7th Cir. 2006); <u>Massachi v. Astrue</u>, 486 F.3d 1149, 1152-54 (9th Cir. 2007); <u>Craft v. Astrue</u>, 539 F.3d 668, 681 (7th Cir. 2008).  At the administrative hearing, the ALJ instructed the Vocational Expert as follows: "I also ask if at any time the

---

[1]EMPLOYMENT & TRAINING ADMIN., U.S. DEPT. OF LABOR, SELECTED CHARACTERISTICS OF OCCUPATIONS DEFINED IN THE REVISED DICTIONARY OF OCCUPATIONAL TITLES, § 706.687-010 (1993).

information you give to [claimant's counsel] and to me differs from the information in the Dictionary of Occupational Titles, that you will alert us and provide an explanation." (Tr. 347.[2]) The Vocational Expert agreed to do so. The Report and Recommendation found, and the Court agrees, that this complied with the ALJ's initial obligation under SSR 00-4p. E.g., Overman v. Astrue, 546 F.3d 456, 463 (7th Cir. 2008).

During his testimony, the Vocational Expert was asked to identify sedentary, unskilled jobs which claimant could perform despite the limitations posed in the ALJ's hypothetical question. The Vocational Expert identified three such jobs: (1) bench worker or assembler, DOT 706.687-010; (2) packager, DOT 920.587-018; and (3) information clerk, DOT 237.367-022. (Tr. 349.) The Vocational Expert did not reveal any inconsistency between his opinion that these were sedentary jobs and the classification by the DOT, and claimant's counsel did not cross-examine on the matter or otherwise suggest any apparent conflict with the DOT. The record establishes no apparent conflict between this testimony and the DOT, and therefore the ALJ's failure to follow the second, two-part step was not triggered by the record in this case. "SSR 00-4p requires only that the ALJ investigate and resolve apparent conflicts between the [Vocational Expert's] evidence and the DOT." Overman, 546 F.3d at 463 (emphasis in original). See also Mickelson-Wurm v. Comm'r of

---

[2]Citations to the transcript refer to the administrative record (Doc. #16), which was filed separately and not scanned.

Soc. Sec., 285 Fed. Appx. 482, 486 (9th Cir. 2008); Martin v. Comm'r of Soc. Sec., 170 Fed. Appx. 369, 374 (6th Cir. 2006) ("The SSR 00-4p does not address what to do when a conflict is not apparent."); Stark v. Astrue, 278 Fed. Appx. 661, 667 (7th Cir. 2008).

Plaintiff's argument that the ALJ had an obligation to immediately verify the Vocational Expert's testimony via accessible databases is unsupported by any cited authority and is contrary to existing case law. See, e.g., Martin v. Comm'r of Soc. Sec., 170 Fed. Appx. 369, 374 (6th Cir. 2006) ("Nothing in SSR 00-4p places an affirmative duty on the ALJ to conduct an independent investigation into the testimony of witnesses to determine if they are correct.")

We now know, however, that there was a conflict between the Vocational Expert's testimony and the DOT as to two of the jobs. Only "information clerk" is classified by the DOT as sedentary and is consistent with the ALJ's other restrictions. "Bench worker or assembler" is classified as requiring some crouching, which exceeded the ALJ's restrictions, and "packager" is classified as medium work.

The Court concludes that where there is a mistake by a Vocational Expert as to the consistency of his or her evidence with the DOT, and the inconsistency goes unexplained in the record, the Vocational Expert's evidence is unreliable and therefore cannot support the ALJ's decision unless the error is harmless. Since one

of the three jobs--information clerk--bears no inconsistency between the Vocational Expert evidence and the DOT, the error was harmless and the ALJ's decision can be upheld if the number of available jobs is sufficient to satisfy the Commissioner's burden at Step 5. <u>Martin</u>, 170 Fed. Appx. at 374-75; <u>Coleman v. Astrue</u>, 269 Fed. Appx. 596, 601-02 (7th Cir. 2008). The Vocational Expert testified that there were approximately 200 information clerk jobs available locally, 6,000 available statewide, and 100,000 available nationwide. (Tr. 349.) The availability of these numbers of jobs for information clerks satisfies the Commissioner's burden at Step 5. <u>Allen v. Bowen</u>, 816 F.2d 600 (11th Cir. 1987). Therefore, any error grounded upon the failure to develop and explain inconsistencies as to the other two jobs is harmless under the facts of this case, and sufficient evidence supports the decision of the ALJ at Step 5 of the evaluation process. The Court overrules plaintiff's objection.

## B. Plaintiff's Obesity

Plaintiff argues that the ALJ should have applied SSR 02-1p for the period prior to the date last insured but failed to do so. After independent review of the record, the Court concurs with the Report and Recommendation. The ALJ properly considered the impact of plaintiff's obesity to determine whether she was disabled between February 5, 2001 and December 31, 2006. The Court overrules plaintiff's objection.

**C.  Incomplete Hypotheticals to Vocational Expert**

Plaintiff asserts that the hypothetical questions posed to the Vocational Expert were incomplete because the questions did not include the limitation noted by Dr. Nancy Troust that claimant had a reaching capacity in all directions, including overhead, that was limited to less than 1/3 of an 8-hour day.  The Report and Recommendation notes that the ALJ gave little weight to Dr. Troust's opinion because it was not supported by the doctor's findings during clinical examination.  (Doc. #25, p. 16.)  The record before the ALJ supports the ALJ's evaluation of the evidence, and therefore the ALJ did not err in failing to include Dr. Troust's limitation in her hypothetical question to the Vocational Expert.  The Court overrules plaintiff's objection.

**D.  Other Issues**

Plaintiff adopts her arguments as to all other findings in the Report and Recommendation.  After an independent review, the Court agrees with the findings and recommendations in the Report and Recommendation, and therefore these generic objections are overruled.

Accordingly, it is now

**ORDERED:**

1.  The Report and Recommendation (Doc. #25) is **accepted and adopted** by the Court, as supplemented by this Opinion and Order.

2.   The Decision of the Commissioner of Social Security is **affirmed**.

3.   The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __8th__ day of July, 2009.

_____
JOHN E. STEELE
United States District Judge

Copies:
Hon. Sheri Polster Chappell
U.S. Magistrate Judge
Counsel of Record